IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                              No. CR 05-776 JB

RUBEN MACIAS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Objections of Ruben Macias to Presentence Report, filed February 14, 2006 (Doc. 60). The Court addressed these objections at the Sentencing Hearing held on February 15, 2006. Consistent with the Court's ruling at the sentencing hearing on these objections, and for the reasons given at the time of the hearing, the Court will sustain the objections to paragraphs 41 and 42 of the Presentence Report ("PSR"), and will overrule the objection to paragraph 46 of the PSR.

## PROCEDURAL BACKGROUND

In paragraph 41, the PSR reflects Macias' ownership of a 1997 modular home and land at 3636 Gunnison Road in Santa Fe, New Mexico, and values that property at $41,952.00. See PSR ¶ 41, at 10. Paragraph 41 also indicates that there is another mobile home located at 33 Rancho Sin Bacas Road, valued at $289,275.00. See id. Paragraph 42 of the PSR indicates that Macias has the ability to liquidate financial resources in order to pay a fine. See id. ¶ 42, at 10. Paragraph 46 of the PSR reflects the impact of the plea agreement. See id. ¶ 46, at 10.

## ANALYSIS

### 1.     Paragraph 41.

Macias represents that the mobile home was at a rental site at 3636 Gunnison, but was moved several years ago to 33 Rancho Sin Bacas Road, Santa Fe. Macias represents that the mobile home has been placed on the 33 Rancho Sin Bacas Road property and that some additions have been made to it. Macias represents that the total combined value of the land and mobile home now is estimated at $289,275.00 and, combined with the outstanding mortgages, has an equity of around $50,000.00. See Objections of Ruben Macias to Presentence Report ("Objections to PSR") at 1. Macias asserts this clarification is needed because Probation was interpreting older data on the credit report, and that the PSR counted the mobile home twice. Probation does not have any evidence that refutes Macias' representations, and the United States does not object to the requested change. See Transcript of Hearing at 4:7-14; 5:19-6:20 (taken February 15, 2006).[1]

He also asserts that, although his pickup truck is correctly valued at $40,000.00, the PSR does not reflect the indebtedness on the truck of $22,485.22. See Objections to PSR at 2. Macias also contends that he owes $22,000.00 in personal loans from friends, and owes approximately $6,000.00 in legal fees. See id.; Transcript of Hearing at 4:25-5:9. Probation does not dispute Macias' representations and the United States does not oppose the requested changes. See Transcript of Hearing at 4:15-5:15. Consistent with the Court's ruling at the sentencing hearing on these objections, and for the reasons given at the time of the hearing, the Court will sustain Macias' objections to paragraph 41 of the PSR.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

    **2.**    **Paragraph 42.**

Macias contends that he does not have the ability to liquidate financial resources to pay a fine because his outstanding debt exceeds his assets at this time, and any property that might be liquidated is secured. See Objections to PSR at 2. He also asserts that his business revenue was substantially reduced after his arrest; his accounts were impounded, and his ability to continue cashing checks and providing wire transfer services for customers was eliminated. See id. at 2. Given the changes to paragraph 42, and Macias' uncontested representations, the United States and Probation do not oppose a finding that Macias does not have the resources to pay a fine. See Transcript of Hearing 7:6-19. Consistent with the Court's ruling at the sentencing hearing on these objections, and for the reasons given at the time of the hearing, the Court will sustain Macias' objection to paragraph 42 of the PSR.

    **3.**    **Paragraph 46.**

Macias argues that paragraph 46 analyzes the offense in terms of the total amount of checks cashed and erroneously combines the checks cashed in his business with those cashed in his wife's business in determining the punishment he would be facing if convicted of the substantive count he pled to. See Objections to PSR at 2; Transcript of Hearing at 8:10-25. He asserts that the stipulation to which he agreed reflects the amount of checks cashed at Macias' business and not his wife's business, and therefore paragraph 46 should reflect only the checks cashed in his business. See Objections to PSR at 2; Transcript of Hearing at 8:10-25. Both the United States and the Court interpret paragraph 46 as reflecting for what Macias could have been found liable on all counts if he had gone to trial and not just the count to which he pled; the worst case scenario does not change the

stipulation between the United States and Macias in the plea agreement.[2] Consistent with the Court's ruling at the sentencing hearing on these objections, and for the reasons given at the time of the hearing, the Court will overrule Macias' objection to paragraph 46 of the PSR.

**IT IS ORDERED** that the Objections of Ruben Macias to Presentence Report are sustained in part and overruled in part. The Court will sustain Macias' objections to paragraphs 41 and 42 of the PSR, and will overrule Macias' objection to paragraph 46 of the PSR.

                                                        _____
                                                     UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Sharon Kimball
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Ray Twohig
Ray Twohig, P.C.
Albuquerque, New Mexico

      *Attorneys for the Defendant*

---

[2] Macias indicated at the sentencing hearing that the Court's decision to overrule his objection to paragraph 46 was acceptable in light of the Court's interpretation of the meaning of paragraph 46. See Transcript of Hearing at 9:13-20.